United States District Court
Southern District of Texas
**ENTERED**
September 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM A. NO. 4:02-CR-00616-001 |
| | § | |
| DAVID LEON LYLE | § | |

# ORDER

Pending are Defendant David Leon Lyle's motion for appointment of counsel (Doc. No. 157) and motion requesting an extension of time to file a supplemental memorandum of law pursuant to 28 U.S.C. § 2255 (Doc. No. 158). The Court has carefully considered the motions, the submissions in this case, and the applicable law and concludes as follows.

Lyle's motion for appointment of counsel is DENIED because the Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1969)).

Regarding Lyle's motion requesting an extension of time to file a supplemental memorandum of law under 28 U.S.C. § 2255, the Court notes that he did not file a proposed motion under section 2255 with his motion for an extension of time. To the extent that Lyle requests prospective relief of the Court extending any applicable deadlines under the AEDPA concerning his proposed motion under 28 U.S.C. § 2255 that he later filed on August 3, 2026, the AEDPA does not authorize federal courts to extend, stop, or toll the one-year statute of limitations prospectively. *See* 28 U.S.C. § 2244(d); *United States v.*

*Bautista*, 548 F. App'x 254 (5th Cir. 2013) (district court lacked jurisdiction to entertain motion for extension of time to file § 2255 motion); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. Apr. 6, 2005) ("Before the petition itself is actually filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal citation omitted). Therefore, Lyle's motion for extension of time is DENIED without prejudice to Defendant asserting arguments regarding the limitations issue in reply to the Government's response, if applicable.

Based on the foregoing, the Court **ORDERS** as follows:

1. The pending motion for appointment of counsel (Doc. No. 157) is **DENIED**.
2. The pending motion for an extension of time to file a motion to vacate under 28 U.S.C. § 2255 (Doc. No. 158) is **DENIED** without prejudice to the Defendant asserting argument in reply to the Government's response, if applicable, regarding the limitations and successive petition issues.
3. The Government shall file a response to the pending motion to vacate under 28 U.S.C. § 2255 (Doc. No. 159) within **thirty (30) days** of the date of this Order.

SIGNED on this 17th day of September 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE